IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:04cr271

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| | ) | |
| EUGENE WILLIAM LEWIS (4) | ) | |
| | ) | |

**THIS MATTER** is before the Court upon motion of the defendant for a reduction of sentence based on retroactive amendments to the United States Sentencing Guidelines relating to crack cocaine offenses (Doc. No. 429), and the government's response (Doc. No. 441).

The defendant pled guilty to conspiring to possess cocaine base with intent to distribute. (Doc. No. 347: Judgment at 1). At sentencing, the Court determined that the amount of crack cocaine reasonably foreseeable to the defendant was at least 50 but fewer than 150 grams. (Doc. No. 348: Statement of Reasons (SOR) at 1; Presentence Report (PSR) at ¶ 37). The resulting offense level of 32 was increased by 3 for using underage persons and firearms in the conspiracy (PSR at ¶¶ 37, 38), and reduced by 3 for acceptance of responsibility (PSR at ¶ 44). Combined with a criminal history category of II, the resulting advisory guideline range was 135-168 months. (Doc. No. 348: SOR at 1). The government moved for a downward departure pursuant to USSG §5K1.1 and 18 U.S.C. § 3553(e). (Doc. No. 327: Motion). After granting the motion, the Court sentenced the defendant to 70 months' imprisonment, which was 52% of the low end of the range.

The defendant moves to reduce his sentence based on retroactive amendments to the guidelines relating to crack cocaine offenses. (Doc. No. 429). However, he incorrectly argues that the amended guideline range is determined by subtracting two offense levels from the effective

range of the original sentence.[1] As amended, USSG §1B1.10(b)(1) directs courts to determine the guideline range as if the amendments had been in place at the time of sentencing. If the defendant originally received a sentence less than the guideline range in effect at that time, a comparably lesser sentence may be imposed upon resentencing. USSG §1B1.10(b)(2)(B) and cmt. n.3.

The amended offense level for possessing at least 50 but fewer than 150 grams of cocaine base is 30. USSG Supp. to Appx. C., Amend. 706 (2007). The addition of 3 levels for offense characteristics and the subtraction of three levels for acceptance of responsibility, results in a total offense level of 30. The amended guideline range, given a criminal history category of II, is 120-135 months.[2] Applying the comparable reduction for substantial assistance to the low end of that range yields a 62-month sentence, which the government opposes (Doc. No. 441: Response at ¶ 9). The Bureau of Prisons has credited the defendant with serving approximately 51 months' incarceration. (Doc. No. 436: PSR Supplement at 1).

When a defendant is eligible for a sentence reduction, a court must still determine whether it is warranted. USSG §1B1.10 cmt. n.1. Consistent with 18 U.S.C. § 3582(c)(2), the Court has considered the factors set forth in 18 U.S.C. § 3553(a), as well as the defendant's post-sentence conduct and the public's safety. The defendant was a key member in a crack cocaine conspiracy centered in a depressed apartment complex known as "Little Mexico." He moved there to

---

[1] The defendant's 70-month sentence falls within the guideline range for an offense level 26 and criminal history category II. USSG §5A (Sentencing Table). Without explanation, the defendant argues that his amended offense level is 24, with a resulting range of 57-71 months. (Doc. No. 429: Motion at 3).

[2] The statutory mandatory minimum of 10 years sets the low end of the guideline range prior to considerations of departure. 21 U.S.C. § 841(b)(1)(A); United States v. Pillow, 191 F.3d 403, 407 (4th Cir. 1999).

2

distribute drugs and protect the territory for Tracy Howard. Accordingly, he was armed with a firearm, employed look-outs and a runner to assist his operation, and engaged in a shoot-out with rival dealers. His report to Howard about a woman dealing drugs in Little Mexico led to her brutal beating. Even so, the defendant received a substantial sentence reduction based on his valuable assistance in the prosecution of others involved in the conspiracy. Given the nature and circumstances of the offense, the need to deter criminal conduct, and the need to protect the public from further crimes of the defendant, the Court finds that a further reduction of the defendant's sentence would not accomplish the goals of sentencing.

**IT IS, THEREFORE, ORDERED** that the defendant's motion is **DENIED**.

The Clerk is directed to certify copies of this Order to the defendant, counsel for the defendant, the Community Defender, the United States Attorney, the United States Marshals Service, and the United States Probation Office.

Signed: August 21, 2008

Robert J. Conrad, Jr.
Chief United States District Judge